# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA EVANS, ET AL.,

    Plaintiffs,

v.

LOWE'S HOME CENTERS, INC.,

    Defendant.

CIVIL ACTION NO. 3:03-CV-0438

(JUDGE CAPUTO)

## MEMORANDUM

In this § 216(b) Fair Labor Standards Act collective action, Defendant moved to dismiss 113 of 508 Managers and Assistant Managers of the Defendant who have "opted in" by signing and returning consent forms because they have failed to respond to Defendant's discovery requests which were allowed by the Court. Defendant also notes that the 113 opt-ins have not responded to their own counsel's communications to them regarding participation in this litigation.

## DISCUSSION

The sanction of dismissal is extreme and drastic, and should only be utilized as a last resort. *See Roman v. City of Reading,* 121 Fed. Appx. 955, 958 (3d Cir. 2005); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). It is worthy to note that while the discovery requests were sent in November, 2004, and counsel for Plaintiffs reported on June 13, 2005 that their two requests for an indication of the desire to continue as plaintiffs were not responded to by 113 people who opted in by signing consent forms, there has been no order from the Court to compel responses to the Defendant's discovery.

In determining whether to apply the extreme sanctions of dismissal, the court in *Poulis* sets forth six factors which a district court must consider before ordering dismissal for failure to respond to discovery. The Defendant, eschewing *Poulis*, urges that § 216(b) requires active participation from an opt-in plaintiff which Defendant construes to mean that opposing discovery must be answered. Defendant cites to the statute, 29 U.S.C. § 216(b) which provides, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such party and such consent is filed in the court in which such action is brought." Defendant also cites several cases in support of its contention, however none hold that § 216(b) requires dismissal for failure to respond to discovery. In *In re Food Lion, Inc.*, 151 F.3d 1029, 1998 U.S. App. LEXIS 11809 (4th Cir. 1998), the Fourth Circuit Court of Appeals approved the district court's dismissal of some plaintiffs for failure to respond to a court approved questionnaire relative to which a court order warned that failure to comply could result in dismissal after the court gave the unresponsive plaintiffs an opportunity to show cause why their claim should not be dismissed.[1]

This case is clearly different. There has been no action from the court, either by way of an order compelling compliance or an order to show cause. Therefore, I do not find Defendant's arguments persuasive. Neither the Act nor the case law compels the result Defendant seeks.

I am required, however, to review and consider the six factors set forth in *Poulis*:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of

---

[1] Those who did show cause were not dismissed. *In re Food Lion, Inc.*, 1998 U.S. App. LEXIS 11809, at *34-35.

2

>    dilatoriness; (4) whether the conduct of the party or the attorney
>    was *willful* or in *bad faith*; (5) the effectiveness of sanctions other
>    than dismissal, which entails an analysis of *alternative sanctions*;
>    and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F. 2d at 868.

I will deal with these factors in turn.

### 1. The Extent of the Party's Personal Responsibility.

There is no evidence that the 113 who have not responded are doing so deliberately. This factor has not been met.

### 2. Prejudice to the Adversary.

The failure of individual plaintiffs to respond in a class-action such as this does not prejudice the defendant in the preparation of its case. If these were individual claims then they may well be prejudiced, but here, the ultimate result of the litigation will determine the ability of the 113 to recover should plaintiffs prevail. At the same time, I did allow this discovery, so I do not endorse Plaintiffs' contention that *McGrath v. City of Philadelphia*, 864 F. Supp. 466, 1994 U.S. Dist. Lexis 1495, at *7-8 (E.D. Pa. 1994) governs here.

I find no prejudice to Defendant.

### 3. History of Dilatoriness.

This is the first and only discovery request of these 113 individuals. Therefore, there is no pattern or history of dilatoriness.

### 4. Whether the Conduct of the Party was Willful or in Bad Faith.

For all the same reasons noted above, there is no evidence of willfulness or bad faith.

### 5. Alternative Sanctions.

No alternative sanctions have been suggested. More important is the Defendant's

failure to say why dismissal, the ultimate sanction, is the only sanction.

**6.     Meritoriousness of the Claim**.

I have found the Plaintiffs' claims have merit.  *See Evans v. Lowe's*, No. 03-0438, 2004 U.S. Dist. LEXIS 8335 (M.D. Pa. April 29, 2004) (Doc. 81).

Balancing the *Poulis* factors results in a determination that the sanction of dismissal should not be granted.  The motion will therefore be denied.

An appropriate Order follows.


Date: August 29, 2005                                       /s/ A. Richard Caputo
                                                                          A. Richard Caputo
                                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA EVANS, ET AL., | |
| Plaintiffs, | NO. 3:03-CV-0438 |
| v. | |
| LOWE'S HOME CENTERS, INC., | (JUDGE CAPUTO) |
| Defendant. | |

## **ORDER**

**NOW**, this 29<u>th</u> day of August, 2005, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Opt-In Plaintiffs for Noncompliance with Discovery (Doc. 173) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge